UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

WINDY LUCIUS,

     Plaintiff,

v.

ULELE, INC.

     Defendant.

_____/

## **COMPLAINT**

Plaintiff Windy Lucius ("Plaintiff") by and through her undersigned counsel hereby sues Defendant Ulele, Inc. ("Defendant"), a Florida for profit corporation, for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq*.

    1.    Venue lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 1.04, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

    2.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. and 28

U.S.C. § 2201, § 2202.

3.      Plaintiff is a Florida resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is legally blind and a member of a protected class under the ADA 42 U.S.C. §12102(1) & (2), the regulations implementing the ADA as set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

4.      Plaintiff uses the internet and a mobile device to help her navigate a world of goods, products and services like sighted individuals. The internet, websites and mobile applications provide her a window into the world that she would not otherwise have. Plaintiff utilizes the Apple Screen Reader VoiceOver software to read computer materials and/or access and comprehend internet mobile website information which is specifically designed for the visually impaired. Plaintiff brings this action against Defendant for offering and maintaining a mobile website (software that is intended to run on mobile devises such as phones or tablet computers) which does not provide to her (a visually impaired customer) the ability to effectively communicate with Defendant's place of public accommodation despite using the available software for that purpose.

5.      Plaintiff is also a "tester" for the purpose of asserting her civil rights. She monitors mobile websites to ensure and determine whether places of public

accommodation and/or their mobile websites are in compliance with the ADA.

6.     Defendant owns and operates the Ulele restaurant which is located at 1810 North Highland Avenue, Tampa, Florida 33605. The Ulele restaurant specializes in serving Florida native American dishes using locally sourced produce as well as is a brewery serving craft beers. Since the Ulele restaurant is open to the public, it is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7) (B), §12182, and 28 C.F.R. §36.104(2). The Ulele restaurant is referenced throughout as "place of public accommodation," "Ulele restaurant," or "restaurant.

7.     As Defendant is the owner and operator of the Ulele restaurant, Defendant is defined as a "Public Accommodation" within meaning of Title III under 42 U.S.C. § 12181(7)(B) and 28 C.F.R. § 36.104(2).

8.     Subsequent to the effective date of the ADA, Defendant constructed, or caused to be constructed, the https://ulele.com mobile website (hereinafter "mobile website") for the public (such as Plaintiff) to access on their mobile devices (phones, tablets). This mobile website supports, is an extension of, is in conjunction with, and is complementary and supplemental to Defendant's Ulele restaurant. The mobile website delineates the goods, services, accommodations, privileges, benefits and facilities available at the Ulele restaurant.

9.     The mobile website is offered by Defendant as a way for the public to

become familiar with Ulele restaurant menu selections, as well as information on

hours of operation, restaurant location, provides a link to reserve a table for dining

within the restaurant, provides links to the Ulele restaurant Facebook, Twitter and

Instagram pages as well as to the Ulele YouTube channel, and provides other

information Defendant seeks to communicate to the public. The mobile website also

enables the public/patrons to inquire about private events (group reservations) and

to purchase gift cards for exclusive use in the Ulele restaurant. By the provision of

menu selection, reservation services, and the ability to purchase Ulele gift cards, the

mobile website is an integral part of the goods and services offered by Defendant on

behalf of its restaurant. By this nexus, the mobile website is characterized as a Place

of Public Accommodation subject to Title III of the ADA[1], 42 U.S.C. §§

12181(7)(B) & (E) and 28 C.F.R. §§ 36.104(2) & (5).

      10.     As the owner of the https://ulele.com mobile website[2], Defendant is

---

[1] Ensuring Web Accessibility for people with disabilities has become a priority for the Department of Justice.  The Department of Justice Civil Rights Division has taken the position that both State and local government websites (Title II) and the websites of private entities that are public accommodations (Title III) are covered by the ADA. On March 18, 2022, the DOJ issued guidance on Web Accessibility, see https://beta.ada.gov/resources/web-guidance/.  The guidance states that individuals with disabilities should not be denied equal access to information, and inaccessible websites are as excluding as are access barriers to physical locations. DOJ guidance requires that website barriers must be identified, prevented, and removed so that all Title II and Title III entities offer websites that are accessible to people with disabilities.

[2] The mobile website states that Defendant and its Ulele restaurant are part of the Gonzmart\Columbia Restaurant Group, however the mobile website does not state that the mobile website itself is owned by the Gonzmart\Columbia Restaurant Group. Defendant may be a subsidiary or an affiliated of Columbia Restaurant Group, but the actual ownership/control over Defendant will be identified through the discovery process.

also defined as a "Public Accommodation" within meaning of Title III under 42 U.S.C. §§ 12181(7)(B) & (E) and 28 C.F.R. §§ 36.104(2) & (5).

11.      Defendant's mobile website allows mobile device users to use a mobile platform through a connection to Wi-Fi or cellular data so that users can manage their dining choice from their mobile device.  Defendant has subjected itself to the ADA because its mobile website is offered as a tool to promote, advertise and sell products and services from its Ulele restaurant. As a result, Defendant's mobile website must interact with the public, which includes Plaintiff (a visually impaired person). Therefore, Defendant's mobile website must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.[3]

12.      Defendant's mobile website does not properly interact with VoiceOver screen reader software technology in a manner that allows Plaintiff (a visually impaired person) to comprehend the mobile website and does not provide other means of accommodation.

13.      Like the seeing community, Plaintiff would like the opportunity to be able to use test the use of Defendant's mobile website to comprehend Ulele restaurant menu selections and to test for the ability to make reservations, inquire

---

[3] According to Statista, almost half of web traffic in the United States originated form mobile devices in 2021. Therefore, Defendant knew or should have known that potential customers would be using the mobile version of its website and provided accessibility for blind users.

about private events, and to purchase gift cards online. However, unless Defendant

is required to eliminate the barriers to her ability to communicate with Defendant

through its mobile website, Plaintiff will continue to denied full and equal access to

Defendant's mobile website and will be deterred from fully using that mobile

website.

14.     Plaintiff is continuously aware of the violations on Defendant's mobile

website and is aware that it would be a futile gesture to attempt to utilize the mobile

website as long as those violations exist.

15.     Plaintiff has no plain, adequate, or complete remedy at law to redress

the wrongs alleged herein and this action is her only means to secure adequate

redress from Defendant's practice.

16.     Notice to Defendant is not required as a result of Defendant's failure to

cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant

to 28 U.S.C. §§ 2201, 2202.

17.     Plaintiff has been obligated to retain the civil rights law office of J.

Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in

the prosecution of this cause, including costs and expenses incurred. Plaintiff is

entitled to recover those attorney's fees, costs and expenses from Defendant pursuant

to 42 U.S.C. § 12205 and 28 CFR § 36.505.

### COUNT I – VIOLATIONS OF TITLE III OF THE ADA

18.   The ADA requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

19.   According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. Section 36.303(b)(2) specifically states that (VoiceOver) screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

20.   28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

21.   Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

22.   Defendant's mobile website has been designed to integrate with its restaurant through the provision of a reservation service, the ability to inquire about

and book private events online and the provision of a store from which to purchase

Ulele gift cards online; therefore, the mobile website is an extension of its restaurant.

By and through its mobile website, Defendant extends is restaurant into individual

persons' homes and portable devices wherever located. The mobile website is a

service, facility, privilege, advantage, benefit and accommodation of Defendant's

restaurant. As such, Defendant's mobile website is integrated with, and is a nexus to

Ulele restaurant's physical location and is required by 28 C.F.R. Section 36.303 *et

seq*. to provide effective communication to Plaintiff, as a visually impaired person.

       23.     Plaintiff attempted to access and test Defendant's mobile website, but

was unable to do so because the mobile website contains barriers to effective

communication for visually impaired individuals such as herself. Plaintiff continues

to be unable to effectively communicate with Defendant through its mobile website

and understand the content therein because numerous portions of the mobile website

do not interface with mobile VoiceOver screen reader software. Specifically,

features of the mobile website that are inaccessible to Plaintiff (a VoiceOver screen

reader software user) include, but are not limited to, the following (citing the WCAG

2.1 Level A and AA Guidelines):

  i.    Guideline 1.3.1 Info and Relationships is violated. The Event Date on the *Group Reservation* form is announced as a *read-only* field which serves to inform mobile VoiceOver screen reader software users that they cannot enter information in the field when in fact it is a popup that is required.

  ii.    Guideline 1.3.2 Meaningful Sequence is violated. Content must be presented

in a meaningful order and this is violated. For example, when a mobile VoiceOver screen reader software user selects a menu, an expanded view of the menu is displayed, but it is not announced. Instead, focus remains on the underlying page.

iii.   Guideline 1.4.5 Images of Text is violated. As noted at violation of Guideline 1.3.2, the expanded menus do not receive focus when displayed. However, if a mobile VoiceOver screen reader software user swipes through all of the underlying page content, focus will eventually move to the expanded menu. But even when focus eventually moves to the menu, only a label is announced; the content in the menu is not announced and is only available as an image.

iv.   Guideline 2.4.3 Focus order is violated. For example, after opening the *Date* combo box on the *Reservations* form, a *date picker* popup is displayed, but it is not announced. Instead, focus moves to the *Time* combo box and this *Time* combo box is announced instead of the *date picker*.

v.   Guideline 4.1.2 Name, Role, Value is violated. All elements must be built for accessibility and this is not the case. For example, when the *Event Date* popup is opened on the *Group Reservation* field, a popup *date picker* is displayed, but it is not announced. Instead, focus moves to the *Estimate Event Time* field, so mobile VoiceOver screen reader software users are unable to select a date.

24.    As the owner and/or operator of the mobile website which serves as a gateway to the Ulele restaurant, Defendant is required to comply with the ADA and the provisions cited above. This includes Defendant's obligation to create and maintain a mobile website that is accessible to Plaintiff so that she (as a visually impaired person) can enjoy full and equal access to the mobile website and the content therein, including the ability to test and/or communicate her desire to make a reservation to dine within the Ulele restaurant and to purchase gift cards online.

25.    With respect to its mobile website, Defendant has violated the ADA by failing to interface its mobile website with VoiceOver screen reader software utilized

by Plaintiff (a visually impaired individual) (reference violations delineated within

paragraph 23) either directly or through contractual, licensing or other arrangements.

Defendant's violations have resulted in its denying Plaintiff effective

communication on the basis of her disability in accordance with 28 C.F.R. Section

36.303 *et seq*.

26.     Plaintiff is continuously aware of the violations within Defendant's

mobile website and is aware that it would be a futile gesture to attempt to utilize

and/or test the mobile website as long as those violations exist.

27.     As the result of the barriers to communication which are present within

Defendant's mobile website and by continuing to operate its mobile website with

such barriers, Defendant has contributed to Plaintiff's frustration, humiliation, sense

of isolation and segregation and has deprived Plaintiff the full and equal enjoyment

of the goods, services, facilities, privileges and/or accommodations available to the

general public. By encountering the barriers to effective communication within

Defendant's mobile website and knowing that it would be a futile gesture to attempt

to utilize the mobile website, Plaintiff has been deprived of the meaningful choice

of freely visiting and utilizing the same accommodations readily available to the

general public and has been deterred and discouraged from doing so. By maintaining

a mobile website with barriers to effective communication, Defendant has deprived

Plaintiff the equality of opportunity which it offers to the general public.

28.     Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of Defendant's violations until Defendant is compelled to comply with the requirements of the ADA and conform its mobile website to WCAG 2.1 Level A and AA Guidelines.

29.     Plaintiff desires to access the mobile website to assure herself that the mobile website is in compliance with the ADA so that she will be able to comprehend the mobile website. However, Plaintiff has a realistic, credible, existing and continuing fear of not being able to comprehend and test the Ulele restaurant reservation service, inquire about private events online and to test for the ability to purchase Ulele gift cards online due to Defendant's non-compliance with the ADA with respect to its mobile website.

30.     Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. The Plaintiff will continue to suffer injury and damage without the immediate relief as requested herein.

31.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendant to alter its mobile website to make it readily accessible to and usable by Plaintiff (a visually impaired person).

**WHEREFORE,** Plaintiff Windy Lucius hereby demands judgment against Defendant Ulele, Inc. and requests the following injunctive and declaratory relief:

a.      The Court issue a Declaratory Judgment that determines that Defendant's mobile website is in violation of Title III of the Americans with Disabilities Act and  28 C.F.R. Section 36.303 *et seq*.;

b.      The Court issue a Declaratory Judgment that Defendant has violated the ADA by failing to monitor and maintain its mobile website to ensure that it is readily accessible to and usable by Plaintiff, a visually impaired person;

c.      The Court issue an Order directing Defendant to alter its mobile website to the full extent required by Title III of the ADA;

d.      The Court issue an Order directing Defendant provide the appropriate auxiliary aids such that Plaintiff (a visually impaired person) will be able to effectively communicate with Defendant's mobile website for purposes of comprehending Ulele menu selections, ordering/paying for gift cards online, for making reservations to dine within the restaurant, and for inquiring about private dining events (group reservations), and during that time period prior to the mobile website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendant to provide an alternative method for Plaintiff to communicate so that she is  not impeded from obtaining the goods and services which Defendant has made available to the public through its

12

mobile website.

e.    The Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards Plaintiff (a visually impaired person) for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

f.    The Court enter an Order directing Defendant to continually update and maintain its mobile website to ensure that it remains fully accessible and usable pursuant to Title III of the ADA;

g.    The Court award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and,

h.    The Court provide such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: August 2, 2022

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*

13